IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ELWALEED AHMED,<br><br>    Petitioner,<br><br>v.<br><br>VANCE LAUGHLIN,<br><br>    Respondent. | CIVIL ACTION NO.: 6:18-cv-46<br><br>FILED<br>Scott L. Poff, Clerk<br>United States District Court<br><br>*By casbell at 3:15 pm, Jan 24, 2020* |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Elwaleed Ahmed ("Ahmed"), who is currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, challenging his Emanuel County, Georgia convictions.  Doc. 1.  Respondent filed an Answer-Response.  Doc. 9.  For the reasons which follow, I **RECOMMEND** the Court **DENY** Ahmed's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Ahmed *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

After a jury trial, Ahmed was convicted in the Emanuel County Superior Court in 2011 of possession with intent to distribute both cocaine and marijuana.  Doc. 1 at 2.  He was sentenced to 30 years' imprisonment, to serve 15 years on the possession of cocaine count and a 10-year concurrent sentence on the marijuana count with the remainder on probation.  Id.; Doc. 9-1 at 1.

Ahmed filed a direct appeal and, through new counsel, raised three grounds for relief: the trial court erred in denying his motion to suppress evidence obtained from his home; the trial

court erred in denying his motion for a directed verdict due to insufficiency of evidence; and the evidence was not sufficient to sustain the guilty verdict.  Doc. 1 at 3; Doc. 9-1 at 2; Ahmed v. State, 744 S.E.2d 345 (Ga. Ct. App. 2013).  The Georgia Court of Appeals affirmed Ahmed's convictions and sentences.  Ahmed, 744 S.E.2d at 345; Doc. 9-1 at 2.

Ahmed also filed a post-conviction motion for relief in the Emanuel County Superior Court, asserting insufficiency of evidence to support the charges, an invalid indictment, denial of constitutional rights, and ineffective assistance of counsel.  Doc. 1 at 3.  The trial court denied his motion.  Id.

Ahmed then filed an application for writ of habeas corpus in the Superior Court for Wheeler County.  In that petition, Ahmed contended there was insufficient evidence to support the charges against him, as the evidence was obtained through an illegal search.  Doc. 10-2 at 5. Ahmed alleged the indictment was invalid because it, too, was based on evidence obtained through this illegal search.  Id.  Ahmed also alleged his constitutional rights were violated by the law enforcement agents entering his residence without probable cause and who illegally searched his residence.  Id.  Further, Ahmed stated his trial counsel was ineffective and constitutionally deficient, leading to Ahmed's illegal convictions.  Id. at 5–6.  The Wheeler County court denied Ahmed's petition.  Doc. 10-3 at 6.  The Georgia Supreme Court denied Ahmed's certificate of probable cause to appeal.  Doc. 10-4.

## DISCUSSION

In his Petition, Ahmed raises four enumerations of error.  He asserts the evidence used to support his charges was insufficient because the evidence came from an illegal search, his fingerprints were not found, agents came into his residence without probable cause, and no drugs were found on his person.  Doc. 1 at 5.  Ahmed also asserts the indictment against him was

invalid because he was charged with two crimes without the essential elements being provided and there was not sufficient evidence to support those charges.  Id.  In addition, Ahmed maintains his constitutional rights were violated, as the entire prosecution against him hinged on an illegal search, and the trial court denied his motion to suppress.  Id. at 5–6.  Ahmed concludes by stating his counsel rendered ineffective assistance by allowing Ahmed to be convicted of illegally-charged crimes.  Id. at 7.

Respondent asserts Ahmed's Petition is due to be denied.  Doc. 9-1 at 14.[1]

## I. The Georgia Court of Appeals' Determination is Entitled to Deference

Respondent states Ahmed raised the sufficiency of evidence and the alleged illegality of the search and warrant requirements (Grounds 1 and 3 of Ahmed's Petition) on direct appeal. Doc. 9-1 at 3.  Respondent avers the Georgia Court of Appeals founds these claims to lack merit, and this determination is entitled to deference.  Id.

Section 2254(d) of Title 28 of the United States Code sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time

---

[1]  Although Ahmed filed Replies to Respondent's Response, docs. 12, 14, these filings are not actually responsive to Respondent's request for the denial of Ahmed's Petition.

the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

The clearly established federal law regarding sufficiency of evidence can be found in Jackson v. Virginia, 443 U.S. 307 (1979). A petitioner is entitled to habeas corpus relief pursuant to § 2254 if it is determined from the record evidence that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

A review of the record, in the light most favorable to the prosecution, establishes that a rational factfinder could readily have found Ahmed guilty beyond a reasonable doubt of possession with intent to distribute both cocaine and marijuana. In reviewing Ahmed's claim on direct appeal, the Georgia Court of Appeals made the following findings of fact and conclusions of law and cited Jackson, 443 U.S. at 307:

> [I]n the early morning hours of July 29, 2010, Georgia Bureau of Investigation Special Agent Josh Alford of the East Central Georgia Drug Task Force received

> a request from the Chief of the Swainsboro Police Department for assistance in the department's investigation of an incident in which Ahmed had been shot at a local residence. After arriving at the residence, Alford interviewed a number of witnesses and learned that a second individual, later identified as co-defendant Vance, "may have fled the scene or left the scene of the shooting . . . in a gray Malibu."
>
> Alford requested assistance from Special Agent Jason McCoy in locating Vance. McCoy was aware that Ahmed and Vance usually traveled together because he had been involved in an earlier drug investigation of the two and had participated in a surveillance of their apartment. Given Alford's request and preliminary briefing as to what had transpired, McCoy and Special Agents Josh Thompson and Keith Collins proceeded to the apartment complex where McCoy believed Ahmed and Vance lived. There McCoy saw the gray Malibu he believed to be the vehicle Vance drove, and he and the other agents waited. After 45 minutes elapsed, the agents saw a man whom McCoy recognized to be Vance, leave the apartments and approach the Malibu. Upon nearly getting to the vehicle, Vance noticed McCoy's vehicle backed into a wooded area between two apartment buildings; and, by peering around a tree, confirmed that McCoy's vehicle was occupied and ran. The agents pursued Vance to the rear of the apartments where they encountered a 10 to 15-foot fence. Not seeing Vance and believing that he could not have scaled the fence, the agents went directly to the apartment they knew to be the apartment Vance shared with Ahmed which was located immediately opposite the fence and knocked on the door. A young girl answered, informed the agents that Vance had gone out to his car but gave the agents permission to enter to confirm that he was not present. As the agents conducted a quick sweep of the apartment for possible hiding places, they saw what appeared to be a white powdery residue on the kitchen counter and a clear plastic baggie. Also in plain view were digital scales and a razorblade. Field tested, the powdery residue tested positive for cocaine. Given this, the agents secured the apartment, and applied for and obtained a search warrant from a magistrate judge. In the search that followed, the agents found more cocaine packaged in clear plastic sandwich bags in and on a kitchen cabinet, in a kitchen drawer, and in the apartment's locked storage room. The agents also found a small baggie of marijuana in a second kitchen drawer, as well as multiple baggies of marijuana in a plastic grocery sack in the apartment's storage room. Ahmed, who had leased the apartment, had been issued keys to the apartment and the storage room. In total, 24.71 grams of cocaine and 48.4 grams of marijuana were seized.

Ahmed, 744 S.E.2d at 346–47.

The Georgia Court of Appeals relied on clearly established federal law in making its determination that the evidence introduced at trial was sufficient for a rational trier of fact to find Ahmed guilty of possession with intent to distribute cocaine and marijuana. The Georgia Court

5

of Appeals' adjudication on Ahmed's insufficient evidence claim was not contrary to nor an unreasonable application of clearly established federal law.  Thus, Ahmed is not entitled to relief on this ground.

In addition, in addressing Ahmed's denial of his motion to suppress, the Georgia appellate court cited <u>Minnesota v. Olson</u>, 495 U.S. 91, 100 (1990), in which the Supreme Court observed the exigent circumstance exception to the search warrant requirement "may be justified by hot pursuit of a fleeing felon, or imminent destruction of evidence, . . . or the need to prevent a suspect's escape, or the risk of danger to the police or other persons inside or outside the dwelling." (citing <u>Welsh v. Wisconsin</u>, 466 U.S. 740 (1984)), and found:

> At the suppression hearing, the evidence showed that McCoy telephoned Alford and asked whether Vance should be detained after observing his behavior upon seeing them at the apartments.  Alford directed Vance's detention explaining that further investigation at the crime scene indicated that Vance had either been involved as the shooter in what had been a home invasion or had taken the weapon which Ahmed had used therein because only the homeowner's weapon had been recovered.  Given this, McCoy and the officers gave pursuit then believing Vance to be a suspect in an ongoing investigation of a home invasion in possession of a weapon used therein.  Here, flight as well as probable cause to arrest Vance as a suspect in the underlying home invasion investigation combined to justify his warrantless arrest.  <u>See</u> <u>State v. Bryant</u>, 284 Ga. App. 867, 869, 644 S.E.2d 871 (2007) ("Probable cause for a warrantless arrest exists where police have enough reliable information that a prudent person would believe the accused has committed a crime.") (footnote omitted.); <u>see also</u> <u>Green v. State</u>, 127 Ga. App. 713, 715, 194 S.E.2d 678 (1972) (where this Court held that flight along with other circumstances is sufficient to create probable cause for a warrantless arrest).
> 
> The evidence was sufficient to support the trial court's conclusion that the officers had probable cause to arrest Vance; that they were in hot pursuit of Vance who fled when he saw the officers; and that the officers reasonably believed that Vance fled to his apartment to escape them and avoid arrest.  The trial court correctly found that exigent circumstances supported the officers' warrantless entry of the apartment.  Consequently, no taint attached to the search warrant for the complete search of the apartment and the seizure of the additional evidence which followed.  We therefore conclude that the trial court did not err in refusing to suppress the evidence seized upon the warrantless entry of the apartment.

6

Ahmed, 744 S.E.2d at 348.

The Georgia Court of Appeals relied on clearly established federal law in making its determination that the trial court did not err in deciding the evidence police obtained was not subject to suppression. The trial court's and the Georgia Court of Appeals' adjudications on Ahmed's motion to suppress claim were not contrary to nor unreasonable applications of this clearly established federal law. Hearn v. Florida, 410 F. App'x 268, 271–72 (11th Cir. 2011) (recognizing the exigent circumstances exception allowed officers' warrantless entry onto property, citing Supreme Court cases in support, and finding the state court's decision to deny the motion to suppress was not contrary to or an unreasonable application of clearly established federal law). Thus, Ahmed is not entitled to relief on this ground.

The Court should **DENY** Ahmed relief as to Grounds 1 and 3 of his Petition.

## II.   New, Procedurally Defaulted Claim

Respondent notes Ahmed's claim relating to an invalid indictment (Ground 2) is new but procedurally defaulted under O.C.G.A. § 9-14-51, Georgia's successive petition rule. Doc. 9-1 at 9. Respondent alleges Ahmed's failure to raise this claim as pled in his state habeas petition would render this claim successive if raised in a second state habeas petition. Id. at 9–10.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b), (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004)

(internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim.  See Rhines v. Weber, 544 U.S. 269, 277–79 (2005).  "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Kelley, 377 F.3d at 1351 (punctuation in original).  The unexhausted claims should be treated as if procedurally defaulted.  A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

> The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:
>
> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition.  Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state] petition."  Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

"A federal court may consider the merits of a procedurally defaulted claim only if the petitioner can show both 'cause' for the default and 'prejudice' from a violation of his constitutional right."  Hittson v. GDCP Warden, 759 F.3d 1210, 1260 (11th Cir. 2014) (quoting Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977)).  To establish cause, a petitioner must ordinarily "demonstrate 'some objective factor external to the defense' that impeded his effort to

8

raise the claim properly in state court." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Ahmed did not raise this contention in his state habeas corpus petition, though he could have. Thus, this Court can review the relative merits of his claim only upon a showing of cause for Ahmed's failure and resulting prejudice. However, Ahmed offers no reason why he did not raise this issue before the state court, nor does he offer an example of how his default resulted in the prejudice to a constitutional right. Accordingly, the Court should **DENY** Ground 2 of Ahmed's Petition.

### III. Defaulted Ground

Respondent argues the state habeas court found Ahmed's ineffective assistance of counsel claim (Ground 4) to be defaulted under O.C.G.A. § 9-14-48. Doc. 9-1 at 12. In addition, Respondent alleges this Court should defer to this finding of default and deny relief. Id. at 12–13.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state

court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim.  Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted).  "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

> O.C.G.A. § 9-14-48(d) provides, in relevant part:
>
> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.  In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

O.C.G.A. § 9-14-48(d).  This is an independent and adequate state law ground.  The state habeas corpus judge clearly and expressly stated she was relying on the Georgia procedural default rule in determining that this claim was barred.  Doc. 10-3 at 5.  In addition, the state habeas corpus judge's decision rests solidly on state law grounds, and the application of § 9-14-48(d) was not done arbitrarily or in an unprecedented fashion, as this statute has been applied on countless occasions in Georgia.  See e.g., Schofield v. Meders, 632 S.E.2d 369 (Ga. 2006); Turpin v. Todd, 493 S.E.2d 900 (Ga. 1997).  Moreover, Ahmed has not established cause and prejudice to overcome his non-compliance with § 9-14-48(d), nor has he shown that he will suffer a miscarriage of justice.  Thus, Ahmed is not entitled to any relief based on these grounds.

### IV.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Ahmed leave to appeal *in forma pauperis* and deny him a Certificate of Appealability.  Though Ahmed has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of

11

the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Ahmed's Petition and Respondents' Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Ahmed *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Ahmed's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Ahmed leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA