IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ELWALEED AHMED,

    Petitioner,

v.

VANCE LAUGHLIN,

    Respondent.

CIVIL ACTION NO.: 6:18-cv-046

**O R D E R**

On January 24, 2020, the United States Magistrate Judge issued a Report and Recommendation recommending the dismissal of Petitioner Elwaleed Ahmed's 28 U.S.C. § 2254 petition on three grounds: (1) Ahmed did not show the state courts' adjudications on the sufficiency of evidence and on a motion to suppress evidence were contrary to or an unreasonable application of clearly established federal law and thus not entitled to deference under § 2254(d); (2) Ahmed's invalid indictment claim was barred by Georgia's successive petition rule; and (3) Ahmed's ineffective assistance of counsel claim was defaulted under Georgia law.  (See generally doc. 17.) Thereafter, the Court reviewed the objections that Ahmed had filed, (see doc. 18), and determined that they were not responsive to the Report and Recommendation, and it thus proceeded to adopt the Report and Recommendation on February 18, 2020, and the case was dismissed.  (Doc. 19.) At the conclusion of the Adoption Order, the Court denied Petitioner a Certificate of Appealability. (Id. at p. 2.)  Thereafter, Petitioner filed a Motion for a Certificate of Appealability, which is presently pending before the Court.  (Doc. 21.)  As the Motion presents arguments not specifically addressed in the Court's Adoption Order, the Court will again consider whether to grant a

Certificate of Appealability. For the following reasons, the Court again **DENIES** Petitioner a Certificate of Appealability.

The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. at 327. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his Motion, Petitioner continues his oft-repeated argument that the trial court committed "harmful error" by denying his motion to suppress evidence obtained in what he claims was an illegal search of an apartment. (Doc. 21, pp. 1–2.) Specifically, he argues that evidence showed that the search was performed without consent and without a warrant having been obtained. (Id. at p. 2.) He asserts that the United States Magistrate Judge "did everything he could to deny [his petition] when the federal Constitution gives [him] this right against unreasonable search and seizure." (Id. at p. 3.) He requests a Certificate of Appealability so that he may "submit documents of proof [that] the [law enforcement] agents entered the apartment illegally [and] searched the apartment" before obtaining a warrant. (Id.)

These arguments do not support a finding that jurists of reason could disagree with this Court's determination that Ahmed failed to show that the state courts' adjudications on the motion to suppress were contrary to or an unreasonable application of clearly established federal law (and

thus not entitled to deference) nor do they support a finding that such jurists could disagree with the Court's determinations that the invalid indictment claim was barred by Georgia's successive petition rule and the ineffective assistance of counsel claim was defaulted under Georgia law. Finally, these arguments do not support a finding that reasonable jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

In light of the foregoing and for the reasons provided in the Report and Recommendation and the Adoption Order, the Court again **DENIES** Petitioner a Certificate of Appealability. (Doc. 21.)

**SO ORDERED**, this 8th day of January, 2021.

R. STAN BAKER  
UNITED STATES DISTRICT JUDGE  
SOUTHERN DISTRICT OF GEORGIA